15-76-cv
Dotel v. Walmart Stores, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of January, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
            PETER W. HALL,
            SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

JULY DOTEL,

                        *Plaintiff-Appellant*,

            v.                                          15-76-cv

WALMART STORES, INC.,

                        *Defendant-Appellee*.

_____

Appearing for Appellant:     Igor G. Kuperman, Law Offices of Fromzel & Kuperman LLC, Stamford, CT.

Appearing for Appellee:     Craig Thomas Dickinson, Littler Mendelson, P.C., New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

July Dotel appeals from the December 17, 2014 judgment of the United States District Court for the District of Connecticut (Underhill, *J.*) dismissing her complaint against Walmart Stores Inc. that alleged sex discrimination, hostile work environment, retaliation and intentional infliction of emotional distress. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Dotel's claims are analyzed pursuant to the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In the *McDonnell Douglas* analysis, plaintiff must first establish a prima facie case of a Title VII violation, which shifts the burden to the defendant to articulate a legitimate, non-discriminatory reason for its conduct, at which point the burden shifts back to the plaintiff to show that defendant's explanations are a pretext for impermissible discrimination. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996). Dotel also alleged employment discrimination claims under the Connecticut Fair Employment Practices Act. These claims are governed by the same standards applicable to Title VII claims. *Proctor v. MCI Commc'ns Corp.*, 19 F. Supp. 2d 11, 14, n.1 (D. Conn. 1998).

Here, the district court assumed arguendo that Dotel made out a prima facie case. We agree with the district court's holding that assuming Dotel made out a prima facie case, she did not carry her burden of demonstrating Walmart's legitimate, non-discriminatory explanation is pretextual. To demonstrate pretext, a plaintiff must establish "circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (alteration in the original) (internal quotation marks omitted). No such circumstances exist here. Walmart's legitimate, nondiscriminatory reason for Dotel's reduced hours is that her supervisor used a computer program to set hours based on an associate's work status and availability. There is nothing in the record to indicate that her supervisor chose the scheduling program with an eye toward eliminating her hours, knowing that it favored full-time employees over part-time employees such as Dotel.

Similarly, the record does not raise a question of material fact on Dotel's hostile work environment claim. Under Title VII, "a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gorzynski v. JetBlue Airways Corp*., 596 F.3d 93, 102 (2d Cir. 2010) (internal quotation marks omitted). "It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through [other means], is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic," such as gender. *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). Assuming arguendo that Dotel believes she was the victim of a sex-based hostile work environment, the record lacks objective evidence from which to raise a material question of fact sufficient for her suit to survive summary judgment. Dotel argues that her supervisor engaged in abusive insults and verbal harassment of herself and other women on a daily basis, and while the majority of those insults were gender-neutral on their face, each could also be read as insulting to women. However, the record does not support such a finding. Dotel's contemporaneous written complaints make no mention of gender-based comments directed toward her, and there is no evidence in the record to suggest her supervisor treated the female associates in the department differently than the one male associate. Indeed,

the strongest inference that can be drawn from the record is that the supervisor was rude to all the department's associates. Although Dotel also alleged that her supervisor had stated that "women [are] good for nothing," App'x at 322-23, this isolated statement is not "sufficiently severe or pervasive to alter the conditions of [Dotel's] employment and create an abusive working environment." *Gorzynski*, 596 F.3d at 102.

Finally, the district court correctly granted summary judgment on Dotel's state law claim of intentional infliction of emotional distress. "In order for the plaintiff to prevail in a case for liability under . . . [intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Appleton v. Bd. of Educ. of the Town of Stonington*, 254 Conn. 205, 210 (2000) (internal quotation marks omitted). "Liability for intentional infliction of emotional distress requires conduct that exceeds "all bounds usually tolerated by decent society." *Hartmann v. Gulf View Estates Homeowners Ass'n*, 869 A.2d 275, 278 (Conn. App. Ct. 2005) (internal quotation marks omitted). The conduct complained of here simply does not rise to that level.

We have considered the remainder of Dotel's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

3